## No. 715

## IANETTI v. NERO et

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6336. Decided Jan. 18, 1926

Judges Mauck, Sayre & Middleton, 4th Dist., sitting.

257. COMMISSION—Condition in commission contract that agent will not be entitled to same until purchase money is paid, is valid.

SAYRE, J.

3. A guarantee to indemnify one against misconduct of an employe, as in this case, to turn over to the company moneys coming into his possession, the guarantor may be released on notice to the company.

Judgment of Common Pleas affirmed.

Attorneys—Harmon, Colston, Goldsmith & Hoadly for Company; J. T. Rhyno and D. T. Hackett for Meyers et; all of Cincinnati.

Ernest Ianetti sued Pietro Nero in the Cleveland Municipal Court for real estate broker's commission. He alleged that if he procured a purchaser, he was to have a commission and that the purchaser he procured for the sale of the properyt.

entered into a written contract with Nero

Nero claimed that Ianetti was to receive his commission if he effected and consummated the sale of the premises; and that the sale and contract with the purchaser was never consummated. A stipulation of the contract provided that Ianetti was to receive a commission from the purchaser and from Nero at the completion of the transaction. The lower court rendered a judgment in favor of Nero. Error was prosecuted and the Court of Appeals held:

1. From the testimony of Nero's witnesses, Ianetti was to receive commission upon payment of the purchase money.

2. In a contract for real estate commissions, a special agreement that no commission shall be paid unless the sale is completed, the title transferred and payment made, is valid.

3. The provision in the contract between Nero and the purchaser is not in conflict with Nero's defense.

Judgment affirmed.

Attorneys—M. A. Picciano for Ianetti; G. E. Romano for Nero; both of Cleveland.

---

## No. 716

## WHITEHEAD v. BISHOP

Ohio Appeals. 5th District Licking Co.

No. 1682. Decided October 19, 1925.

1197. TRUSTS—1. A voluntary trust is an equitable gift, and like a legal gift inter vivos, must be complete.

2. Where property upon which trust is imposed it not delivered to trustees, such trust fails for want of delivery.

HOUCK, J.

Owennie Whitehead brought this suit in Licking Common Pleas to set aside an alleged trust contract, wherein Thos. Harris, father of Whitehead, in his lifetime attempted to transfer to Taylor M. Bishop and Jas. A. Price, as trustee, $17,000 in notes, mortgages and money for the purpose of establishing a library in Alexandria, Ohio.

It appears from the evidence that said property never in fact passed out of the possession of Harris but that he at all times after making of said trust agreement retained control thereof. The court holding that no trust had in fact been actually created, appeal was had to this court which held:

1. It was manifestly the intention of the grantor to create a trust, by gift to the trustees, for the purpose of establishing a library in Alexandria.

2. One of the essential elements necessary to carry out the gift was lacking, namely delivery of property sought or intended to be given.

3. A voluntary trust is an equitable gift, and like a legal gift inter vivos must be complete.

4. There having been no delivery to the trustees either in fact or law, it is necessarily follows that the trust fails.

Judgment accordingly.

Attorneys — Fitzgibbon, Montgomery & Black for Whitehead; Flory & Flory and C. W. Yearick fro Bishop et; all of Newark.